**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-4375

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MELVIN MONROE DEAL,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (CR-03-10-1)

---

Submitted: April 6, 2005                     Decided: May 3, 2005

---

Before MICHAEL and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Andrew B. Banzhoff, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Donald D. Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Melvin Monroe Deal appeals his conviction and sentence imposed by the district court under the North Carolina Indecency With Children statute, N.C.G.S. § 14-202.1, and pursuant to the Assimilative Crimes Act (ACA), 18 U.S.C. § 13 (2000). The Government asserts Deal's waiver of appellate rights in his plea agreement precludes Deal's challenges. We previously denied the Government's motion to dismiss on this ground and we accordingly consider the appeal on its merits. We note, however, that the transcripts of the Rule 11 and sentencing hearings and the other materials before the court do not indicate Deal preserved the claims he now raises for appellate review. Accordingly, we review for plain error. See United States v. Olano, 507 U.S. 725, 732-34 (1993).

Deal's first contention is that the assimilation of the state offense was improper under the ACA because his conduct was punishable under the federal disorderly conduct regulation. See 36 C.F.R. § 2.34. While we conclude the federal disorderly conduct regulation could apply to Deal's conduct, we also find that assimilation was proper because there is no indication the federal regulation was intended to preclude assimilation of a state statute

that proscribes the particular egregious conduct of which Deal was convicted.[*]

Deal's second claim challenges the three-year term of supervised release imposed by the district court. Deal asserts this part of his sentence violates the ACA because it is not a "like punishment" under state law and because the sentence could result in Deal serving a period of incarceration longer than the maximum incarceration sentence authorized by state law. We conclude that the imposition of a term of supervised release was in accord with federal policy and does not violate the "like punishment" requirement of the ACA. We also conclude the term of supervised release does not extend the sentence beyond the maximum incarceration period permitted by state law. See United States v. Pierce, 75 F.3d 173, 178 (4th Cir. 1996) (noting supervised release is not considered part of the incarceration portion of the sentence and is thus not limited by the maximum term of incarceration).

Accordingly, we find no plain error and affirm Deal's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Deal pleaded guilty to the offense. He admits that he masturbated in view of minors at an outdoor swimming area and campground.